LEE M. PERLMAN
ATTORNEY AT LAW
1926 Greentree Road, Suite 100
Cherry Hill, New Jersey 08003
(856) 751-4224
ATTORNEY FOR DEBTORS, BRYAN H. & EILEEN J. JENSON

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RE: | CHAPTER 13 |
| BRYAN H. & EILEEN J. JENSON | CASE NO.: 09-41308 MBK |
| Debtor | |
| BRYAN H. & EILEEN J. JENSON | AP NO.: |
| Plaintiff/Debtor | **ADVERSARY COMPLAINT** |
| vs. | |
| ONSITE NEONATAL PA | |
| Defendant | |

## I. INTRODUCTION

1. This is an action for the disallowance of the Defendant's claim, injunctive relief and contempt of court pursuant to 11 U.S.C. § 105, and to recover actual, punitive and compensatory damages, sanctions, attorney fees and costs for the Defendant's willful and negligent actions that constitute invasion of the Plaintiff's privacy.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United Stated Code in that this core proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor and the estate. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code.

4.      This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

### III. PARTIES

5.      The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in the above entitled Chapter 13 case number, presently pending before this court.

6.      The Defendant, Onsite Neonatal PA (hereinafter ONSITE), is a corporation or other business entity engaged in the business of medical services in the State of New Jersey with a mailing address of P.O. Box 12884, Philadelphia, PA 19176-0884.

7.      Albert Russo is the Standing Chapter 13 Trustee in this case with an address of CN 4853, Trenton, New Jersey 08650-4853. Although not a party to this action, the Trustee is a party in interest and will receive notice of the adversary proceeding.

### IV. FACTUAL ALLEGATIONS

8.      The Plaintiff's Chapter 13 case was commenced by filing a voluntary petition with the Clerk of this Court on November 20, 2009.

9.      At that time, the Plaintiff listed an ONSITE account on Schedule F of his Chapter 13 bankruptcy petition. See attached Schedule F as Exhibit "A".

10.     On January 22, 2010, the Defendant, ONSITE, filed a sworn Proof of Claim in the Plaintiff's Chapter 13 case, denoted as Claim # 9. The claim was listed as unsecured in the amount of $974.26. See Defendant's Proof of Claim as Exhibit "B".

11.     The Proof of Claim consisted of seven (7) pages and displayed the Plaintiff's, individually identifiable health information, without redaction, including:

|      |                          |                  |
|------|--------------------------|------------------|
| i.   | Social Security Number:  | Pages 3, 4, 5    |
| i.   | Patient Account Number:  | Pages 3, 4, 5, 6 |
| iii. | Medical procedure codes, | Pages 3, 4, 5, 6 |
| iv.  | Treatment, and diagnosis,| Page 2           |

12. The Plaintiff alleges that the Proof of Claim is a public document by which the Defendants have now made his private, sensitive and personal nonpublic information available to the general public.

13. The Plaintiff alleges that the Defendants have revealed sufficient personal and private data to enable an identity thief to hijack the Plaintiff's, identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), Business/Commercial Identity Theft (using another's business name to obtain credit) and Medical Identity Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

14. Medical identity theft is the unauthorized accessing of personal medical information, which can then be used for insurance fraud schemes, to obtain medical care in another person's name, or to get prescription drugs illegally. An additional danger lies in the possibility that an individual's medical records may become altered and could lead to mis-diagnosis and harmful treatment.

15. When medical records, statements of medical procedures and detailed bills or statements of account are not protected a number of abuses take place including: unauthorized secondary use of medical records, inaccuracies that are not corrected, discovery and disclosure of medical records by hackers and commercial vendors, use of medical records by employers for employment decisions, and revelation of medical records by and to individuals who may be among our neighbors and who do not have medical training. Misuse of medical records can wreak havoc on an individual's health insurance.

16. Protection of individual sensitive, personal and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of

2002, 44 U.S.C. §§ 3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act. This Court implemented such procedures and privacy requirements by local rule.

17.     The Health Insurance Portability and Accountability Act (HIPAA) was enacted by the U.S. Congress in 1996. Title II of HIPAA, the Administrative Simplification (AS) provisions establish the national standards for the security and privacy of health data. The HIPAA Regulations create the appropriate standard of care for the protection of Individually Identifiable Health Information.

18.     The Privacy Rule section, 65 Fed. Reg. at 82464, took effect on April 14, 2003, and established regulations and standards for the use and disclosure of Protected Health Information. Protected Health Information is any information about health status, provision of health care, or payment for health care that can be linked to an individual. This is interpreted rather broadly and includes any part of a patient's medical record or payment history.

19.     A covered entity may disclose protected health information to facilitate treatment, payment, or health care operations or if the covered entity has obtained authorization from the individual. However, when a covered entity discloses any protected health information it must make a reasonable effort to disclose only the minimum necessary information required to achieve its purpose.

20.     The Plaintiff alleges that the Defendant, ONSITE, is a sophisticated medical services provider with a billing department that has knowledge of the bankruptcy rules and

procedure. The Defendant has an obligation to comply with all applicable rules and statutes when filing claims and participating in the bankruptcy process.

21. The Plaintiff further alleges that the Defendants have intentionally communicated and made available to the general public, his personal, sensitive and private data in direct violation of The New Jersey Identity Theft Prevention Act, N.J.S.A. § 56:11-44, the New Jersey statute N.J.S.A. § 56:8-164, the Gramm-Leach-Bliley Act 15 U.S.C. § 6801 *et seq.* and Federal Rule of Bankruptcy Procedure 9037.

## V. COURT RECOGNITION OF PRIVACY CONCERNS

22. "Both Congress and other circuits have discussed the significant privacy concerns surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refused to release their SSNs." Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. § 552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

Other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that "indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). The Third Circuit in particular has held that redaction of social security numbers is necessary where the requestor failed to demonstrate any public interest in disclosure of the SSNs. *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988).

Nevertheless, we recognize that individual citizens have a substantial informational

privacy right to limit the disclosure of their SSNs, and consequently reduce the risk that they will be affected by various identity fraud crimes. *Sherman v. U.S. Dept. of Army*, 244 F.3d 357, C.A.5 (Tex.), 2001.

## FIRST CAUSE OF ACTION
## (OBJECTION TO CLAIM)

23.     The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-two (22) as though set forth herein at length.

24.     The Defendants have intentionally revealed the Plaintiff's private and sensitive data and nonpublic information to the general public in violation of Federal Rule of Bankruptcy Procedure 9037.

25.     Therefore the Plaintiff asks that the Court direct the Chapter 13 Trustee to strike the Defendants' claim and preclude them from filing any amended, modified or substitute claim in this case. The Plaintiff also asks the Court to cancel and forever discharge the underlying debt, regardless of whether or not she receives a Discharge Order in this case.

26.     The Plaintiff also asks the Court to sanction the Defendants for the intentional revelation of the Plaintiff's private data and sensitive information.

27.     Finally the Plaintiff asks that the Court permanently disable the Defendants' claim within the PACER system, or remove the claim so that it is inaccessible to members of the general public.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE NEW JERSEY IDENTITY THEFT PREVENTION ACT
## AND NEW JERSEY STATUTE N.J.S.A. 56:8-164)

28.     The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-seven (27) as though set forth herein at length.

29.     The Defendants have intentionally revealed the Plaintiff's private and sensitive data and nonpublic information to the general public in violation of the above New Jersey statutes.

30.     N.J.S.A. 56:8-164 prohibits any entity from posting or displaying an individual's

social security number or intentionally communicating or disclosing their social security number to the general public.

31.　As a result of the above violations, the Defendants are liable to the Plaintiff for statutory, compensatory, and punitive damages as well as attorney fees and costs.

### THIRD CAUSE OF ACTION
### (CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037
### FAILURE TO REDACT NONPUBLIC INFORMATION)

32.　The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through thirty-one (31) as though set forth herein at length.

33.　On December 1, 2007, the Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the Court's local rules and policies.

34.　Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1)　the last four digits of the social-security number and taxpayer identification number;
> (2)　the year of the individual's birth;
> (3)　the minor's initials; and
> (4)　the last four digits of the financial-account number.

35.　By filing the Plaintiff's private, nonpublic information, the Defendant has violated Rule 9037 putting the Plaintiff at risk and causing damage by making his personal, sensitive information and nonpublic data publicly available.

36.　Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

## FOURTH CAUSE OF ACTION
## VIOLATION OF GRAMM-LEACH-BLILEY ACT
## 15 U.S.C. SUBCHAPTER I §6801-6809

37. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through thirty-six (36) as though set forth herein at length.

38. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information, finding that it is the "policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801.

39. A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. § 1609(3)(A)

40. The Defendants are in the business of engaging in financial activities by the collection of money owed by debtors, who are patients, on consumer debt.

41. The Defendants have failed to provide any opt out provision as required by 15 U.S.C. § 6802.

42. The Defendant has disclosed nonpublic personal information by releasing the Plaintiff's Social Security Number and private medical information in a public forum.

43. The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security, and confidentiality of the nonpublic information and private date of the Defendant's customers.

44. As a result of the Defendant's willful, grossly careless and direct violation of the Gramm-Leach-Bliley Act, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## FIFTH CAUSE OF ACTION
## INVASION OF PRIVACY AND
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through forty-four (44) as though set forth herein at length.

46. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of a legitimate concern to the public.

47. Social Security Numbers, full account numbers, home addresses and home telephone numbers provide no use and are not a legitimate concern to the public.

48. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff by disclosing the Plaintiff's personal nonpublic information.

49. Defendant intentionally and/or negligently caused harm to the Plaintiff's emotional well-being by engaging in this highly offensive conduct thereby invading and intruding upon the Plaintiff's right to privacy.

50. The Defendant's gross and careless conduct unlawfully invaded the Plaintiff's personal privacy and proximately caused the Plaintiff to suffer damages.

51. Defendant's conduct was intentional, reckless and willful, and the Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiff also seeks damages for the mental and emotional anguish that has been caused by knowing that the personal identifiers, nonpublic, sensitive information and private data has been made public by the Defendant's wanton actions.

**WHEREFORE**, the Plaintiff prays for the following relief:

A. A finding that the Defendants are in civil contempt for violating the established policies, rules and orders of the Court in establishing privacy standards;

B. An order of injunctive relief to disable the claim number within the PACER system so that it is inaccessible to the general public and/or to permanently remove the claim and its nonpublic information from access by the public;

C. Sanctions, damages, attorney fees and costs against the Defendant for the

> intentional revelation of the Plaintiff's private data, knowingly exposing him to the risk of identity theft in violation of the standards set by the Gramm-Leach-Bliley Act;
>
> D. Punitive damages to the Plaintiff in order to prevent future conduct of this kind;
>
> E. Compensatory and punitive damages, attorney fees, costs and suit money against the Defendant for the intentional and willful invasion of the Plaintiff's right to privacy;
>
> F. Damages against the Defendant for the intentional or negligent infliction of emotional distress;
>
> G. Attorney's fees and expenses under § 107 and § 105 of the Bankruptcy Code;
>
> H. Direct the Chapter 13 Trustee to strike the Defendants claim;
>
> I. Prohibit the Defendant from filing any amended, modified or substitute claim;
>
> J. Cancel and void the underlying debt whether or not the Plaintiff receives a Discharge Order in her Chapter 13 case;
>
> K. Such other and further relief as the Court may deem just and proper.

February 2, 2010                                     /s/ Lee Perlman
DATE                                                 LEE PERLMAN, ESQUIRE


Lee Perlman, Esq.
Law Offices of Lee M. Perlman
Attorney for the Plaintiff
1926 Greentree Rd, Suite 100
Cherry Hill, NJ 08003
(856) 751-4224
Fax (856) 751-4226

# Exhibit A

B6F (Official Form 6F) (12/07) - Cont.

IN RE Jensen, Bryan H. & Jensen, Eileen J. _____ Case No. _____
                                                         Debtor(s)                                                               (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9468<br>HSBC Bankruptcy Department<br>PO Box 5213<br>Carol Stream, IL 60197 | | W | 2007;<br>Credit card purchases | | | | 865.00 |
| ACCOUNT NO. 1252<br>Kohl's<br>Bankruptcy Correspondence<br>N56W17000 Ridgewood Dr<br>Menomonee Falls, WI 53051 | | H | 2007;<br>Credit card purchases | | | | 538.00 |
| ACCOUNT NO. 4052<br>Kohl's<br>Bankruptcy Correspondence<br>N56W17000 Ridgewood Dr<br>Menomonee Falls, WI 53051 | | W | 2007;<br>Credit card purchases | | | | 459.00 |
| ACCOUNT NO. 0857<br>Ocean County Family Care<br>2290 W County Line Rd<br>Jackson, NJ 08527 | | J | 2008;<br>Medical bills | | | | 10.00 |
| ACCOUNT NO. 1769<br>Onsite Neonatal PA<br>PO Box 12884<br>Philadelphia, PA 19176 | | J | 2007;<br>Medical bills | | | | 230.00 |
| ACCOUNT NO. 5357<br>Thd/cbsd<br>PO Box 6497<br>Sioux Falls, SD 57117 | | W | 2007;<br>Credit card purchases | | | | 7,164.00 |
| ACCOUNT NO. 1182<br>Thd/cbsd<br>PO Box 20507<br>Kansas City, MO 64195 | | H | 2007;<br>Credit card purchases | | | | 1,855.00 |

Sheet no. __2__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 11,121.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Exhibit B

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT District of New Jersey | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Bryan H. Jensen / Eileen J. Jensen | Case Number: 09-41306 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Mail Claim To:
Clerk, U.S. Bankruptcy Court
U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 08608

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Onsite Neonatal PA

Name and address where notices should be sent:
Onsite Neonatal PA
PO Box 12884
Philadelphia, PA 19176-0884

FILED
JAMES J. WALDRON, CLERK
JAN 26 2010
U.S. BANKRUPTCY COURT
TRENTON, N.J.
BY _____ DEPUTY

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Telephone number:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 974.26

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Services performed
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 2138

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 1/22/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Terri Vathis Supervisor | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

X07011                                          4280700701803D

| DATE | DESCRIPTION OF SERVICE | AMOUNT | INSUR. BALANCE | PATIENT BALANCE | BALANCE |
|---|---|---|---|---|---|
| 07/11/07 | ENCOUNTER FOR | | | | |
| 07/09/07 | | $676.00 | $402.80 | | |
| 09/24/07 | Blue Shield Contractual Allowance | $0.00 | | | |
| 05/06/08 | Commercial Payment (COINS (\);DED (\)) | -$114.36 | | | |
| 11/03/08 | Commercial Payment | -$160.62 | | | |
| 07/09/07 | | $175.00 | $35.00 | | |
| 09/24/07 | Blue Shield Contractual Allowance | $0.00 | | | |
| 05/06/08 | Commercial Payment | -$140.00 | | | |
| | ENCOUNTER TOTAL | $437.80 | $437.80 | $0.00 | $437.80 |
| 07/11/07 | ENCOUNTER MD, TERRY | | | | |
| 07/11/07 | 92586 - Auditory evoked potential, limited | $350.00 | | $254.43 | |
| 09/24/07 | Blue Shield Contractual Allowance (EOB (\);Hor (Horizon Mailed Pymt To Member)) | $0.00 | | | |
| 05/09/08 | Commercial Payment (COINS (\)) | -$95.57 | | | |
| 07/11/07 | 99433 - Followup care, normal newborn | $190.00 | $116.69 | | |
| 09/24/07 | Blue Shield Contractual Allowance | $0.00 | | | |
| 05/09/08 | Commercial Payment | -$73.31 | | | |
| | ENCOUNTER TOTAL | $371.12 | $116.69 | $254.43 | $371.12 |
| 07/11/07 | MD, LEELA | | | | |
| 07/12/07 | | $250.00 | $150.34 | $15.00 | |
| 09/24/07 | Blue Shield Contractual Allowance | $0.00 | | | |
| 05/06/08 | Commercial Payment (COINS (\)) | -$84.66 | | | |
| | ENCOUNTER TOTAL | $165.34 | $150.34 | $15.00 | $165.34 |

Bills are Due and Payable within 30 days

| ACCOUNT NBR | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | TOTAL ACCOUNT BALANCE |
|---|---|---|---|---|---|---|
| | $974.26 | $0.00 | $0.00 | $0.00 | $0.00 | $974.26 |

**MESSAGE:**

IF YOU HAVE RECEIVED A CHECK FROM YOUR INSURANCE COMPANY, PLEASE ENDORSE AND SEND THE CHECK ALONG WITH THE EXPLANATION OF BENEFITS. TO CONTACT OUR OFFICE 1-856-782-2212 EXT 100

**PLEASE PAY THIS AMOUNT:** $269.43

| From Date | To Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/09/07 | 07/09/07 | | | | 175.00 | 175.00 | .00 | .00 | .00 | 140.00 | NPO |
| 07/09/07 | 07/09/07 | | | | 175.00 | 175.00 | .00 | .00 | .00 | 140.00 | NPO |
| Totals | | | | | 853.00 | 532.97 | 200.00 | 15.00 | .00 | 254.38 | |

Remark:

- CP — Copay is the member's responsibility
- NPO — Provider of services is not a member of Local 825 PPO. Charges are subject to reasonable allowances, yearly deductible and payment is made at 80%
- LA — You are liable for this amount as it was applied towards your deductible.



Operating Engineers Local 825 Welfare Fund
65 Springfield Avenue
Springfield, NJ 07081
(973) 921-1661

## EXPLANATION OF BENEFITS

| Provider | MINERVA R CASTILLO |
|---|---|
| Date | 05/02/08 |
| Participant | |
| Participant SSN | |
| Batch | |
| Patient | |
| Relationship | |
| Check No | |
| Claim No | |
| Patient Acct No | |
| Billing Name | NEONATAL AND PEDIATRIC SERVICES, P |
| Billing Tax ID | 223439090 |

| From Date | | | | Charge | Approved | Deduct | Pay | Amt | Net | Remark |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/07 | | | | 190.00 | 9... | .00 | .00 | .00 | 70.5. | CC |
| CP 11/07 | 07/11/07 | | | | | .00 | 25.00 | .00 | | |
| Totals | | | | 540.00 | 243.3. | .00 | 25.00 | .00 | 168.80 | |

Remark:

CP   . Copay is the member's responsibility
NPO  . Provider of services is not a member of Local 825 PPO.
       Charges are subject to reasonable allowances, yearly deductible and payment is made at 80%
CC   . Single Copay when multiple procedures billed during one visit



Operating Engineers Local 825 Welfare Fund
65 Springfield Avenue
Springfield, NJ 07081
(973) 921-1661

### EXPLANATION OF BENEFITS

| Provider | TERRY JOHNSON |
|---|---|
| Date | ▓▓▓ |
| Participant | ▓▓▓▓▓ |
| Participant SSN | ▓▓▓ |
| Batch | ▓▓▓ |
| Patient | ▓▓▓ |
| Relationship | ▓ |
| Check No | ▓▓▓▓▓ |
| Claim No | ▓▓▓▓ |
| Patient Acct No | ▓▓▓▓▓ |
| Billing Name | NEONATAL AND PEDIATRIC SERVICES, P |
| Billing Tax ID | 223439090 |

| To Dat | T Dat | ICD | CPT | Mod | Unit | Charge | Approv | Deduct | Co Pay | Other | Net Remark |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/12/0 | 07/12/0 | ▬ | ▬ | --- | 1.0 | 250.00 | 124.57 | .00 | 15.00 | .00 | 84.66 NPO CP |
| Totals | | | | | | 250.00 | 124.57 | .00 | 15.00 | .00 | 84.66 |

Remark:

CP  _  Copay is the member's responsibility
NPO _ Provider of services is not a member of Local 825 PPO.
       Charges are subject to reasonable allowances, yearly deductible and payment is made at 80%



Operating Engineers Local 825 Welfare Fund
65 Springfield Avenue
Springfield, NJ 07081
(973) 921-1661

### EXPLANATION OF BENEFITS

| Provider | LEELA JOSYULA |
|---|---|
| Date | ▬ |
| Participant | BRYAN   JENSEN |
| Participant SSN | ▬ |
| Batch | ▬ |
| Patient | ▬ |
| Relationship | ▬ |
| Check No | ▬ |
| Claim No | ▬ |
| Patient Acct No | ▬ |
| Billing Name | NEONATAL AND PEDIATRIC SERVICES, P |
| Billing Tax ID | 223439090 |

| From Date | To Date | ICD | CPT | Mod | Units | Charge | Approved | Deduct | Co-Pay | Other | Net Payment | Rem |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ▓▓▓ | 07/09/07 | | | | | ▓▓ | 160.82 | | | .0▓ | 160.82 | ▓▓ |
| 07/09/07 | 07/09/07 | | | | 1.0 | 175.00 | .00 | | .00 | .00 | .0▓ | 0▓ |
| Totals | | | | | | 853.00 | 160.82 | .00 | .00 | .00 | 160.82 | |

Remark:

05 . Duplicate claim -this is an exact duplicate of a claim that has already been processed
MP . Maximum amount for this type of service has been paid.
RE . This allowance is the result of a recalculation of our original payment.

## EXPLANATION OF BENEFITS

| Provider | MINERVA R CASTILLO |
|---|---|
| Date | ▓▓▓ |
| Participant | BRYAN  JENSEN |
| Participant ID | ▓▓▓ |
| Batch | ▓▓▓ |
| Patient | ▓▓▓ |
| Relationship | Dependant |
| Check No | ▓▓▓ |
| Claim No | ▓▓▓ |
| Patient Acct No | ▓▓▓ |
| Billing Name | NEONATAL AND PEDIATRIC SERVICES, P. |
| Billing Tax ID | 223439090 |



Operating Engineers Local 825 Welfare Fund
65 Springfield Avenue
Springfield, NJ 07081
(973) 921-1661

January 22, 2010

Clerk, U.S. Bankruptcy Court
U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 08608

RE:  Bryan H. Jensen
     Eileen J. Jensen
     Case# 09-41308

Dear Sir:

Please find an original and 2 copies of the Proof of Claim for Onsite Neonatal Partners, Inc. for the above mentioned debtor. Kindly return a copy to me once this has been filed in the prepaid envelope that I have enclosed.

If you should need anything additional, please feel free to contact me at 856-782-2212 ext. 113.

Sincerely,

*[signature]*

Terri Vathis
Patient Accounting Supervisor